## BOARD OF SUPERVISORS OF ELECTIONS OF BALTIMORE CITY *v.* MURPHY

[No. 107 (Adv.), September Term, 1967.]

*Decided per curiam on May 30, 1967.*

*Opinion filed July 3, 1967.*

338

The cause was argued before HAMMOND, C. J., and HOR-NEY, MARBURY, OPPENHEIMER, BARNES, McWILLIAMS and FINAN, JJ.

*Edward L. Blanton, Jr., Assistant Attorney General,* with whom was *Francis B. Burch, Attorney General,* on the brief for appellant.

*William H. Murphy* and *Milton B. Allen,* with whom were *Brown, Allen & Dorsey* on the brief for appellee.

HORNEY, J., delivered the opinion of the Court.

When the Board of Supervisors of Elections of Baltimore City prepared the official ballot to be used in the sixth legislative district of the city for the election of seven delegates to the forthcoming Constitutional Convention by arranging the names of the thirty candidates in two vertical columns of eight names each and two vertical columns of seven names each, Madeline W. Murphy, one of the candidates, asserting that the board should have arranged the names of the candidates across the ballot "on one line" or horizontal row, filed a petition for a writ of mandamus to compel the board to adopt the arrangement she advocated.

Judge Edwin J. Wolf, in an opinion and order filed May 12, 1967, directed the board to arrange the official ballot to provide for one "horizontal" line with thirty names on it, and the board entered an appeal to this Court. Arguments were heard on May 29, 1967 and on the following day we filed a *per curiam* order affirming the lower court. We state below the reasons for doing so.

The parties stipulated that two different types of voting ma-

chines are used in the State of Maryland. Baltimore City and the larger counties use the "Automatic" machine which has nine horizontal rows and from forty to fifty vertical columns. The smaller counties use the "Shoup" machine having forty horizontal rows and nine vertical columns.

On appeal, the board, relying on the decision in *Resnick v. Board of Elections,* 244 Md. 55, 222 A. 2d 385 (1966),[1] contends, as it did below, that the considerations controlling the form and arrangement of the ballot are that the names of the candidates should be placed in one column if possible, that a second column may not be used until the first vertical column has been completely filled by the names of candidates and that when more than one column is used each vertical column must contain an equal number of names if possible. On the other hand, the candidate, claiming that *Resnick* is distinguishable in that it does not compel the use of vertical columns exclusively, contends that in this instance the only feasible and permissible arrangement, since the ballot is limited to the candidacies of delegates to the constitutional convention and no party designations are involved, would be to place the names from left to right in a single "column" of thirty spaces.

We agree that a horizontal rather than a vertical listing of candidates is proper under the singular circumstances of this case. The decision of the lower court, besides being consistent with the election statutes and the rulings of the Attorney General, is not contrary to the holding in *Resnick v. Board of Elections, supra.*

The applicable provision of Article 33 (Elections) under the subheading "Ballots" provides:

"§ 94. Form and arrangement.

(c) *Columnar listing.*—All candidates for office shall as far as possible be placed on one column; but when the names to be printed upon the ticket are over thirty-six, another column may be added in which names shall be printed. When two or more columns are used

---

1. Under the circumstances in the Resnick case, it was held that the proper listing of the thirty-five candidates for an office was in seven vertical columns of five names each.

the same number of names, so far as possible, shall be printed in each column. The initial letters of the given or Christian names of the several candidates in each column shall be printed directly beneath each other in a vertical line, and the initial letter of the respective party designations of said several candidates shall be printed directly beneath each other in a vertical line."

Those under the subheading "Voting Machines" provide:

"§ 122. Ballot labels.

(a) *Requirements.*—The form and arrangement of ballot labels shall be in accordance with the provisions as to ballots contained in § 94 of this article except that:

\* \* \*

(d) *Titles of offices.*—The titles of offices may be arranged horizontally or vertically, with the names of candidates for an office arranged longitudinally under or transversely opposite the title of his office. \* \* \*."

The Attorney General of Maryland,[2] in interpreting the effect of § 94 (c) on the arrangement of the controversial voting machine ballot with which the *Resnick* case was concerned, had this to say, as a part of the prefatory remarks in his opinion, dated January 13, 1963 and reported in 48 O.A.G. 150, at p. 151:

"We also understand that the mechanism contained within the Automatic Voting Machine is so designed that the names of the various offices to which the candidates seek nomination *could be placed in the area to the left of the candidates' names, with the candidates listed horizontally across the machine rather than in the vertical fashion which is now employed.* However, we further understand that such a horizontal arrangement has never been used in Baltimore City and that it *could be utilized only in situations where a very few offices were the subject of the election* since there

---

2. Thomas B. Finan, who was then the Attorney General, is now an Associate Judge of the Court of Appeals of Maryland.

are only 9 horizontal rows as opposed to the 40 vertical columns. An entire horizontal row would be devoted to one office while theoretically each of the 40 vertical columns could be the subject of a different office. *Thus, listing the candidates in a vertical fashion provides greater flexibility in the machine's use in elections where a substantial number of offices are at stake."* (Emphasis supplied).

In *Resnick,* where it was held that the provisions of § 94 (c) concerning columnar listings—other than the thirty-six name requirement applicable to paper ballots only — must be given legal effect whenever a voting machine ballot is used instead of a paper ballot, we were not confronted with a question as to whether the ballot should have been arranged horizontally or vertically. Moreover, as we read it, § 94 (c) does not prohibit the listing of the names of candidates in a horizontal line. To the contrary, when the provisions of § 122 (d), concerning titles of offices, are read with those of § 94 (c), as they should be in the unusual situation presented by this case, it is apparent that a horizontal listing of the many candidates for a single office was not only the most appropriate arrangement under the circumstances, but was the fairest in that it permitted all candidates to share the preferred position at the top of the ballot. As we read it, subsection (d) of § 122, concerning the preparation of voting machine (not paper) ballots, makes it possible for election officials, exercising their discretion, to arrange the form of a voting machine ballot either horizontally or vertically. Otherwise, there would have been no reason to provide that the names of candidates for an office could be arranged longitudinally under or transversely opposite the title of his office. Obviously, there was no need in this instance for the "greater flexibility" afforded by a vertical listing which is normally required when there are many candidates for many offices.

Furthermore, since the candidates for the Constitutional Convention are to be voted for on a district and not a city-wide basis, there is here, as was also true in *Resnick* with respect to candidates for the House of Delegates, no reason for requiring uniformity in the arrangement of ballots for the several legis-

lative districts. Uniformity in the placement of names of candidates is not required unless the incumbency sought is a city or state office.

While the holding in *Resnick* has been enlarged it has not been overruled.